SARTAIN, Judge.
Horace Plummer died April 3, 1968, without "forced heirs. On February 13, *82 1967, he had executed a will which favored Joe Plummer as universal legatee. On October 28, 1967, Horace Plummer went to a notary public to execute another will which would leave his entire estate to Harriet Brown Anderson and Charlie Plummer. This second will was a statutory will in form, as prescribed by L.R.S. 9:2442. Joe Plummer filed an opposition to the probate of his second will, alleging that the testator had not been able to read at the time of its execution. By amended petition, he further alleged invalidity on the grounds that certain formal requirements had not been strictly observed, namely, that the testator had not declared in the presence of the notary and witnesses that the document was his last will and also that the witnesses did not sign the document in the presence of the testator and each other.
The trial judge found, primarily based on the testimony of the notary before whom the second will was executed, that the testator could read at the time and that the formalities required by law had been observed. The opponent has appealed contending that those findings were manifestly erroneous. The record does not show that the trial judge committed manifest error in reaching his decision, noting particularly his comments relative to the credibility of the witnesses he heard, and we therefore affirm the judgment now appealed.
Several witnesses were called upon to express an opinion about Horace Plum-mer’s ability to read. There was no dispute that he had been able to read in earlier years or that he had lost one eye in an operation and was able to read only with some difficulty in his later years. However, there was substantial disagreement over his ability to read in the last year of his life and particularly, of course, at the time that the purported statutory will was confected, less than six months prior to his death. Most of the witnesses testified that Horace Plummer preferred not to read during this period and asked others to read for him. They also agreed that they had not seen him attempt to read much, or at all, in his last year or so. Nevertheless, the only witness who said Horace Plummer could not read anything was the opponent of this will, Joe Plummer, who was favored under the prior will.
The opponent has urged that the trial judge erred in placing the burden of proving inability to read on the opponent of the will and cites La.C.C.P. Art. 2932, which reads as follows, in support of that position :
“The plaintiff in an action to annul a probated testament has the burden of proving the invalidity thereof, unless the action was instituted within three months of the date the testament was probated. In the latter event, the defendants have the burden of proving the authenticity of the testament, and its compliance with all of the formal requirements of the law.”
The issue would be whether the ability to read is a “formal requirement”, within the meaning of Art. 2932, or an element of capacity, which is always presumed and which must be disproved by the plaintiff. The case of Succession of Glynn, 167 So. 2d 533 (La.App. 4th Cir. 1964); writs refused, 246 La. 913, 168 So.2d 823 (1964), held that the ability to write was an element of capacity, the lack of which had to be proved by the party so alleging.
However, since the trial judge found that the preponderance of the evidence showed that the testator could in fact read, although only with difficulty, the question of burden of proof is not an issue here.
The opponent has also urged, relative to evidence that Horace Plummer could not read, that his motion for a new trial based on newly discovered evidence was improperly denied. The trial judge held that the witness he produced could have been discovered earlier with due diligence. The witness was an attorney who *83 had prepared an even earlier will for Horace Plummer. He testified that he had to type the document entirely in capital letters in order for Plummer to read it. We do not find error in the determination of the trial judge that this evidence could have been discovered with due diligence. However, assuming arguendo that it had been presented at trial, it is apparent that the trial judge did not consider it so persuasive that the outcome of the case would have been different. Otherwise, we are confident that the trial judge, in the interest of justice and fair play, would have granted the motion for a new trial.
The remaining issue before us is the compliance vel non with the required formalities in confecting the statutory will. L.R.S. 9:2442 requires that the testator shall signify in the presence of the notary and both witnesses that the instrument is his will. It also requires that the notary and both witnesses must sign their names at the end of the will in the presence of the testator and in the presence of each other.
Horace Plummer had difficulty in walking and climbing steps, as well as in seeing. Because of this condition, the attorney Mr. Kilbourne typed up the will in his office and took it out to the street where Mr. Plummer was waiting in a pick-up truck. The two witnesses, Mr. Bond and Mr. Thomas, were there also. Opponent bases his allegations of non-compliance with formal requirements on conflicts in the accounts of these three men of what transpired. Mr. Thomas testified that he did not sign the instrument by the truck but rather back in the office. Mr. Bond said he did not hear the testator declare that the instrument was his will and did not see Mr. Thomas sign it, although he himself signed it on the hood of the truck. The trial judge, noting that a conflict in recalling such details a long time after the incident might be expected, accorded controlling weight to the testimony of the attorney, Mr. Kilbourne, who was aware of the significance of such details and who assured the court that the formalities had in fact been observed. Inasmuch as the trial judge was in the best position to assess the reliability of these accounts and to weigh the testimony accordingly, we find no manifest error in his decision to believe that Mr. Kilbourne’s account was a true statement of what transpired and thus find that the formalities had been observed.
For these reasons, the judgment of the trial court upholding the statutory will of October 28, 1967, is affirmed, at appellant’s costs.
Affirmed.